IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>         Plaintiff, <br><br> v. <br><br> DANIEL SEPULVEDA <br>         Defendant. | No.   M-20-CR-0240-01 |

### Response in Opposition to Defendant's
### Motion to Revoke Detention Order

Defendant moves to revoke the order of detention entered by U.S. Magistrate Judge Ormsby on February 13, 2020 (Dkt. No. 25[1]).  The detention statute permits the court to reopen a detention hearing at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure defendant's appearance and the safety of the community.  18 U.S.C. 3142(f)(2).  Defendant's motion is based not on any errors of fact or law, but rather based on the "on the Covid 19 pandemic and the inability to meet with the defendant at the detention center for risk of virus spread "(Defendant's Motion to Reduce Bail Doc.55) While some courts may consider the

---

[1] It is not clear from the Defendant's Motion to Revoke the Detention Order whether he is seeking reconsideration before the Magistrate of the Magistrate's Order of Detention which the government is opposed to because the government does not believe that it sets forth new grounds for reconsideration or whether the Defendant is seeking to appeal the Magistrate's Order to the District Court.  This response discusses both.

present pandemic circumstances as new information to consider, at least one district court has rejected this argument because the general prospect of infection by the novel coronavirus does not supersede the statutory considerations of 18 U.S.C. § 3142. *See United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (denying relief and noting that, "as concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act"). The Court should deny the motion.

1. **FACTUAL AND PROCEDURAL BACKGROUND**

On January 30, 2020, a Grand Jury sitting in McAllen, Texas returned an indictment charging the defendant Daniel Sepulveda with conspiracy to possess with intent to distribute more than five kilograms of cocaine, and possession with intent to more than five kilograms of cocaine, that is approximately 320 kilograms of cocaine on January 17, 2019. Also charged in the indictment was the defendant's brother Evaristo Sepulveda, III, and Juan Indalecio Garcia. On February5 2020, federal agents executed a search warrant at the defendant's residence, and arrested the defendant. At the contested detention hearing, Special Agent Christopher Donahue testified that as the defendant was being transported to DEA, the defendant claimed to DEA agents that he had people on the other side of the hill waiting for them, and at DEA, Daniel Sepulveda told the agents that they were lucky he did not

have his gun on him because he would of killed at least two agents. Special Agent Donahue also testified that at the time of the failed smuggling attempt on January 17, 2019, Daniel Sepulveda was the driver of the ATV that contained the cocaine, and that when the attempt was averted, Daniel Sepulveda swam into Mexico in order to avoid apprehension by law enforcement. Special Agent Donahue also testified that Daniel Sepulveda's flight into Mexico was corroborated by text messages between he, and his wife, Ariana Sepulveda, on his phone in which they discuss the seizure, where he was staying in Mexico, and the risk of him crossing back into the United States at the Port of Entry or the river. After the contested hearing, Magistrate Judge Ormsby made detailed findings on the record, concluding that by clear and convincing evidence the no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

## 2. STANDARD OF REVIEW BEFORE THE DISTRICT COURT

When reviewing a magistrate judge's order of detention, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release. *See United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). In conducting that review, the district court "review[s] the record of the hearing before the magistrate, as well as [any] additional evidence presented" but is not required to hold another hearing. *United States v. Baker*, 703 F. Supp. 34, 36 (N.D. Tex. 1989).

A defendant should not be released pending trial if a judicial officer determines that "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citation omitted). A determination that no condition or combination of conditions will prevent the risk of flight must be supported by a preponderance of the evidence. *See United States v. Trosper*, 809 F.2d 1107, 1109 (5th Cir. 1987). A determination that no condition or combination of conditions will assure that the defendant does not pose a danger to a person or the community must "be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

**3.     ARGUMENT AND ANALYSIS**

Defendant's motion largely ignores the factors the Court is actually required to consider in determining whether defendant should be released or detained pending trial. Those factors militate strongly for defendant's continued detention.

First and foremost, the defendant is charged with a serious drug offense under 21 U.S.C. 841 (a) (1) and facing a mandatory minimum of from ten years to life if convicted. This gives rise to a statutory presumption under the Bail Reform Act that no condition or combination of conditions will reasonably assure the appearance of

the person and the safety of the community. 18 U.S.C.3142 (e )(3). And even if the defendant presents "evidence tending to rebut the presumption," the presumption "nevertheless remains in the case and is a factor to be considered." *Fortna*, 769 F.2d at 251; *see also Hare*, 873 F.2d at 798-99 ("[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.").

The weight of the evidence against defendant strongly supports his detention.

As testified to at the detention hearing, federal agents actually observed the defendant swimming into Mexico, after ditching the ATV carrying the cocaine into the river. Moreover, text messages between the defendant and his wife confirm that the defendant fled into Mexico.

While the defendant has family ties in the community, these ties do not work in his favor. His brother Evaristo Sepulveda III is also charged in the same conspiracy with the same offenses. As testified during the detention hearing the Sepulveda/Garcia drug trafficking organization has long controlled the Midway area in Starr County and used it to smuggle large quantities of drugs and money.

Moreover, the defendant has demonstrated his dangerousness to the community by stating that if he had gotten his gun he would have killed two federal agents executing a lawful search warrant and arrest warrant.

**4.    CONCLUSION**

For these reasons, the government respectfully asks the Court to deny defendant's motion.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

/s/
Patricia Cook Profit
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on April 8, 2020, I filed this response with the clerk of court for the U.S. District Court, Southern District of Texas, which will electronically forward this response to defendant's counsel.

/s/
Patricia Cook Profit
Assistant United States Attorney