1       IN THE UNITED STATES BANKRUPTCY COURT

2        FOR THE SOUTHERN DISTRICT OF TEXAS

3                  HOUSTON DIVISION

4  IN RE:                         §    CASE NO. 18-34658-H5-11
                                  §    HOUSTON, TEXAS
5  HOUTEX BUILDERS, LLC AND       §
   415 SHADYWOOD, LLC,            §    TUESDAY,
6                                 §    MARCH 28, 2020
              DEBTORS.            §    10:56 A.M. TO 11:16 A.M.
7

8              TELEPHONIC STATUS CONFERENCE

9
         BEFORE THE HONORABLE JEFFREY P. NORMAN
10              UNITED STATES BANKRUPTCY JUDGE

11

12     APPEARANCES:                        (SEE NEXT PAGE)

13     CASE MANAGER:                       TRACEY CONRAD

14     COURT RECORDER:                     TRACEY CONRAD

15

16

17

18

19

20              TRANSCRIPTION SERVICE BY:

21       JUDICIAL TRANSCRIBERS OF TEXAS, LLC
              935 ELDRIDGE ROAD, #144
22            SUGAR LAND, TEXAS 77478
                Tel: 281-277-5325
23           www.judicialtranscribers.com

24
    Proceedings recorded by electronic sound recording;
25     transcript produced by transcription service.

```
 1                      TELEPHONIC APPEARANCES:

 2

 3  FOR THE DEBTORS:              DIAMOND MCCARTHY, LLP
                                  Charles M. Rubio, Esq.
 4                                295 Madison Avenue
                                  27th Floor
 5                                New York, New York  10017

 6  FOR HL BUILDERS/
    CD HOMES:                     FUQUA & ASSOCIATES, PC
 7                                Richard L. Fuqua, II, Esq.
                                  8558 Katy Freeway
 8                                Suite 119
                                  Houston, Texas  77024
 9                                713-960-0277

10
    FOR SPIRIT OF TEXAS BANK:     JACKSON WALKER, LLP
11                                Bruce J. Ruzinsky, Esq.
                                  1401 McKinney Street
12                                Suite 1900
                                  Houston, Texas  77010
13                                713-752-4200

14
    FOR CHARLES FOSTER:           JONES MURRAY & BEATTY, LLP
15                                Christopher R. Murray, Esq.
                                  4119 Montrose Blvd.
16                                Suite 230
                                  Houston, Texas  77006
17                                832-529-3027

18

19

20

21

22

23

24

25
```

```
 1         HOUSTON, TEXAS; TUESDAY, MARCH 24, 2020; 10:58 A.M.
 2                      (TELEPHONIC CONFERENCE)
 3      (Audio begins abruptly.)
 4              THE COURT:  Yeah, I know you're there.  I can see
 5  you.  I know that Charles Rubio just joined us, but I don't
 6  think he's got audio.  I think he needs to connect.  I will
 7  get him.
 8              Mr. Rubio, is that you?
 9              MR. RUBIO:  Yes, Your Honor.
10              THE COURT:  Okay.  All right.  So is everyone
11  present on HouTex that we expect to be?  It's prior to
12  11:00 o'clock.  We can get on the Record and get everything
13  taken care of.
14              MR. FUQUA:  Your Honor?
15              THE COURT:  Yes.
16              MR. FUQUA:  This is Dick Fuqua.
17              THE COURT:  So other than the three of you,
18  Mr. Fuqua, Mr. Rubio and Mr. Ruzinsky, is there anyone else
19  who we expect to be attending this hearing?
20              MR. FUQUA:  I think Chris Murray.
21              THE COURT:  All right.  Then let's wait -- then
22  just out of an abundance of caution.  I'm sitting here.
23  Let's just wait till --
24       (Phone noise.)
25              THE COURT:  Let's wait till 11:00 o'clock.  And if
```

you guys can try not to talk over each other, try to keep the noise down.

MR. RUZINSKY: Yes, Your Honor.

(Pause in the proceedings.)

MR. RUBIO: Your Honor, this is Charles Rubio. Chris Murray just called me and he was trying to do the join.me. He was trying to call in on the original line and he --

THE COURT: Yeah. So let me just take a few minutes to bring everybody up-to-speed. Free conference calling basically has been overwhelmed by the stay-at-home aspect of everyone and so we're having to change our conference calling numbers, but we got hit with this this morning when we realized it was a problem. So as a practical matter, we're going to have a new call-in number probably starting tomorrow, but the Court has instituted its COVID-19 protocol, so going forward hearings are going to be cancelled unless specifically set by the Court and as long as the protocol is in effect, we'll be doing hearings including presentation of evidence by video.

So Viewer 15, who is that?

MR. MURRAY: Good morning, Judge. Chris Murray.

THE COURT: Okay. Mr. Murray, you're Viewer 15.

All right. So it is just short of 11:00 o'clock, but I'm going to go ahead and call HouTex Builders, LLC and

1  all of the associated cases, which is 18-34658.
2          Let me ask you now all to make your appearances on
3  the Record one at time and we'll start with Mr. Fuqua, and
4  then we'll go to Mr. Rubio, then Mr. Ruzinsky and then
5  Mr. Murray.  Go ahead, make your appearances please.
6          MR. FUQUA:  Good morning, Your Honor.
7          Dick Fuqua, F-U-Q-U-A.  I represent HL Builders
8  formerly known CD Homes.
9          MR. RUBIO:  Good morning, Your Honor.
10         Charles Rubio, R-U-B-I-O, on behalf of HouTex
11 Builders, LLC, 415 Shadywood, LLC, and 2203 Looscan Lane,
12 LLC, the Debtors.
13         MR. RUZINSKY:  Good morning, Your Honor.
14         This is Bruce Ruzinsky for Spirit of Texas Bank.
15         MR. MURRAY:  Chris Murray for Charles Foster in
16 his individual capacity.
17         THE COURT:  All right.  I will tell you over the
18 weekend, I wrote -- I read Judge Rodriguez's Opinion on the
19 involuntary.  My first impression after reading it was it
20 didn't really do a whole lot to solve any of the issues in
21 this case.
22         So why don't the parties -- and I'll start with
23 Mr. Rubio.  What would you like to see happen especially
24 given the fact that we're dealing with now the closure of
25 the courts at least for a couple of weeks?

1          MR. RUBIO:  Thank you, Your Honor.

2          I had spoken to Mr. Fuqua about this about

3 scheduling things going forward and what we had discussed

4 and what I think makes sense is to break up the remaining

5 issues into parts, so the first part being a hearing to

6 determine what are the agreements between the Debtors and

7 HL Builders.

8          THE COURT:  Sorry, Mr. Rubio.  You clicked out for

9 just a second.  I didn't hear that last sentence.  You're

10 going to need to repeat it for me.

11         MR. RUBIO:  Yes, Your Honor.  The first part would

12 be to establish what are the agreements between HL Builders

13 and each of the three Debtors.

14         THE COURT:  Okay.

15         MR. RUBIO:  As this Court is aware, there are --

16 there's an investor and a contractor agreement between those

17 parties.  In the Rodriguez case, there were allegations made

18 that are modifications to those Contracts or modifications

19 and the Court can determine what those modifications may

20 have been.

21         One of the first steps would -- what would make

22 sense is to have a hearing to just determine what the

23 agreements are, what the provisions are between the parties,

24 and then the parties can then, based off of that, come back

25 and assert and defend claims based off the agreements.  The

1 three kind of objections that we have pending are all
2 premised off of the terms of the agreements, so that to us
3 would be first step is establishing what those agreements
4 are.
5       THE COURT: All right. So let me ask you and then
6 I'll go around the room and ask the rest of the parties: How
7 much time -- and fortunately for you, with the cancelling of
8 every CLE that I'm supposed to be at, every conference I'm
9 supposed to be at, we have lots of free, open days now. How
10 much time do I need to allocate for that setting?
11       MR. RUBIO: I think it would be half a day or
12 possibly a full day. I think it depends on what
13 (indiscernible) or how many witnesses HL Builders intends to
14 call. We would call one witness, Mr. Foster.
15       THE COURT: All right. So let me turn to
16 Mr. Fuqua. Do you agree that in determining which
17 agreements are applicable to the contracts between the
18 parties, is one day what you think you'll need?
19       MR. FUQUA: Well, I agree we need you to determine
20 what the relationship of the parties is and what their
21 agreements morphed into or became. We sort of went through
22 that over about a three-day period with Judge Rodriguez. I
23 think we will only have two or three witnesses. I may need
24 to take a deposition of Mr. Foster.
25       One of the problems that Mr. Rubio and I reviewed

1  yesterday is one aspect of Judge Rodriguez's Opinion
2  probably requires me to take at least one, if not two or
3  three, more depositions with regard to the presentation to
4  you of what the deal became.  There's no question that the
5  deal changed, and so I probably will need some discovery.
6          I'm reaching out to my client -- another lawyer
7  represents my client -- to try to nail down the issues that
8  I think need to be addressed before you.  I think I agree
9  with Mr. Rubio that Nos. 19, 20, 21, 13, 14, 17, but really
10 put 17 on the burner.
11         THE COURT:  And you're talking about claims, I'm
12 assuming?
13         MR. FUQUA:  Yes, sir.
14         THE COURT:  Okay.
15         MR. FUQUA:  That's what we talked about.
16         THE COURT:  Yeah.
17         MR. FUQUA:  No. 378, 379 and 380 will all be
18 determined at or about the same time because there's no
19 reason to have motions to estimate when you're going to
20 determine what the claim is itself.
21         THE COURT:  Okay.  So, I mean, from the Court's
22 viewpoint, I guess the issue is: I need to enter some sort
23 of Scheduling Order that sets a discovery deadline and then
24 sets what I will call "Phase 1" for hearing.
25         So my question to you, Mr. Fuqua, is:  How long do

1 you need for discovery? And then do you agree that Phase 1
2 will be limited to one day?
3       MR. FUQUA: That's it. I don't know that one day
4 will work. It took us three days in front of Judge
5 Rodriguez. I think two days if we can have your full time.
6 In the Judge Rodriguez case, we had to bust it up over three
7 or four days. I think --
8       THE COURT: And like I said, Fifth Circuit
9 Judicial Conference has been cancelled. My Annual
10 Bankruptcy Judge Education has been cancelled. Every
11 conference I was scheduled to go to and every day that I was
12 scheduled to be out has all basically been wiped off of my
13 calendar, so I have, at least at this point in time, two
14 uninterrupted weeks.
15       MR. FUQUA: I just -- I think we may need to two
16 days because if it's uninterrupted --
17       THE COURT: Okay.
18       MR. FUQUA: -- we can move forward very promptly.
19       THE COURT: So how much time do you need for
20 discovery then?
21       MR. FUQUA: I'd like about 30 days. I don't need
22 that -- well, I just need to sit and focus on what I need to
23 do.
24       THE COURT: So if I enter an order that says we're
25 having a preliminary hearing to determine the relationships

1 between the various litigants and what agreements control, I
2 could say, "You have 30 days for discovery" and then
3 basically set two days of trial time?
4            MR. FUQUA:  I think that's probably correct,
5 Judge.  What's going to happen is: We're going to get into
6 how the original documents morphed into something else and
7 that's what I don't -- depends on how high or how deep it
8 is, but I know you're going to get evidence like that in
9 this trial.
10            THE COURT:  Okay.  And then it will take me some
11 time to rule.  And then there'd be Phase 2, which would be
12 the balance of whatever needs to be resolved.
13            MR. FUQUA:  I think you're right, Judge.
14            THE COURT:  Okay.  So let me hear from the other
15 parties.
16            I'll go back to Mr. Rubio.  Do you have any
17 disagreement with that sort of proposal and that sort of
18 Order?
19            MR. RUBIO:  No.  I think that 30 days for any
20 additional discovery is fine and two days for a trial on
21 determining what the agreements are, the terms of the
22 agreements are between the parties, I think that would be
23 more than sufficient.
24            THE COURT:  Okay.  But let me hear from the other
25 parties.

1              Mr. Ruzinsky, any objections?

2              MR. RUZINSKY: No objections at all, Your Honor.
3  Thank you.

4              THE COURT: All right. And who -- anyone else
5  have any objections?

6         (No audible response.)

7              THE COURT: No?

8         (No audible response.)

9              THE COURT: Okay. I know there are a couple other
10 parties that joined the conference. Okay.

11             So other than that today, is there anything else
12 that I need to take up for you or make you aware of or tell
13 you what is happening relative to court hearings?

14             MR. FUQUA: There are a couple of things, Judge.
15 This is Dick Fuqua. There are a couple of things.

16             THE COURT: Sure.

17             MR. FUQUA: Mr. Ruzinsky and I have resolved
18 No. 441 and we would intend to give you an Agreed Order in
19 that regard. The essence of our agreement is that we
20 withdraw our objection to the claim of Spirit Bank. They
21 agree that any characterization that surrounded the payment
22 through Spirit of Texas Bank is not agreed against us. In
23 other words, we want the right to come before you and say
24 that it was characterized as an expense of administration.
25 We want to prove to you it wasn't an expense, that clearly

1  they're owed the money.
2         THE COURT:  Okay.  So if you upload an Agreed
3  Order on 441, I will sign it.
4         MR. RUZINSKY:  We will, Your Honor.
5         MR. FUQUA:  Yes, Your Honor.
6         MR. RUZINSKY:  This is Bruce Ruzinsky.  The exact
7  language that was agreed upon by the parties is that "The
8  Spirit of Texas Bank claim is allowed as filed, but such
9  allowance shall have no impact whatsoever on any challenge
10 by CD Homes to administrative expense status for the DIP
11 advances that funded any payment to Spirit of Texas Bank."
12        THE COURT:  And that's fine with me.
13        MR. RUZINSKY:  And that's what the Agreed Order
14 will say.
15        THE COURT:  Okay.  So unless I hear from any party
16 on the phone, as soon as I see that Agreed Order, I'll sign
17 it.
18        MR. FUQUA:  Your Honor, on 460, there was a
19 hearing today on an application for compensation by Diamond
20 McCarthy.  I attached with my Objection a Form of Order
21 agreed to by Diamond McCarthy and myself with regard to
22 waiving and preserving all objections that CD Homes and
23 HL Builders has to the allocations and the amounts of money,
24 but allowing them to draw down a portion -- all their
25 expenses and a portion of their fees.  That has been the

1  same Agreed Order that we've had all the way through this
2  case.
3           THE COURT:  Okay.  And so that is Docket No. 460.
4           MR. FUQUA:  Yes, sir.
5           THE COURT:  And I'm looking for your response and
6  I don't see a response on the Docket.
7           Where is that objection?  It's 463.  So it's the
8  Order that looks like -- hold on, let me pull it up.
9       (Pause in the proceedings.)
10          THE COURT:  Can you see that screen now?
11          MR. FUQUA:  I see it.  Yes, sir.
12          THE COURT:  That's the Order you want me to sign?
13          MR. RUBIO:  Your Honor, this is Charles Rubio.
14 That is the form of the Agreed Order that we agreed to with
15 Mr. Fuqua.
16          THE COURT:  Okay.  Then I will sign that Order at
17 Docket No. 463 on the Objection as soon as I step down from
18 the Bench.
19          MR. RUBIO:  Your Honor, we also have the
20 Application for (indiscernible).  That's Docket
21 461.  Your Honor, there are no objections filed.  My
22 understanding -- I mean, HL Builders and all other parties
23 are reserving their rights to object in connection with a
24 final fee application, but we would ask for the that Order
25 at (indiscernible) Application also be approved.

1      MR. FUQUA:  We agree, Your Honor.
2      THE COURT:  Just so -- I'm sharing that Order with
3 you now.  You want me to grant that Order, correct?
4      MR. FUQUA:  Yes, sir, sometime.
5      MR. RUBIO:  That's correct.
6   (Pause in the proceedings.)
7      THE COURT:  All right.  Okay.  Anything else that
8 I need to resolve at this point in time?
9      MR. FUQUA:  There are probably three other docket
10 numbers that we've not addressed, Your Honor.  One is
11 Docket 455.  I now have a list of just the personal fees.
12 Mr. Rubio (indiscernible 111231) resolved that --
13      THE COURT:  That is the --
14      MR. FUQUA:  -- a court hearing.
15      THE COURT:  That has to deal with the property,
16 correct?
17      MR. FUQUA:  Yes, sir.
18      THE COURT:  Okay.  So what do you want to do
19 relative to 455?
20      MR. FUQUA:  Why don't we just pass it to another
21 status conference, sir?
22      THE COURT:  Can I just set that the same date that
23 I set the hearing on the first phase of our -- what are the
24 agreements and the relationships between the parties?
25      MR. FUQUA:  Makes perfect sense, Judge.

1          THE COURT:  Okay.  Then I'll do that as well.
2          MR. RUBIO:  Your Honor, there's also a motion at
3  459.  It's a motion to establish the DIP claim amounts.  I
4  had a -- there's been an objection filed at 462, CD Homes.
5          THE COURT:  Uh-huh.
6          MR. RUBIO:  In conversation with Mr. Fuqua, my
7  understanding is that if we prevail on our (indiscernible),
8  then their objection will be rendered moot.  So what we
9  think makes sense is to just to continue this to determine
10 whether or not, you know, those claims are still going to be
11 disallowed, which would render their objection moot.  So in
12 short, we'd ask for it to be continued or passed to that
13 hearing date.
14         THE COURT:  All right.  Then I'll continue that by
15 order to the same date as well.
16         MR. FUQUA:  Likewise No. 342, Your Honor.
17         THE COURT:  Let me get to 342 and see what that
18 is.  Bear with me for one second.
19         MR. FUQUA:  Yes, sir.
20    (Pause in the proceedings.)
21         THE COURT:  So 342 is the Corrected Amended Plan.
22         MR. FUQUA:  Yes, sir.
23         THE COURT:  Okay.  All right.
24         MR. FUQUA:  It seems to me it only makes sense to
25 postpone that till we get through the discovery and the

1  trial -- initial trial before you.
2              THE COURT:  All right.  Anything further?
3              MR. FUQUA:  Not from HL Builders and CD Homes.
4  Thank you, sir.
5              MR. RUBIO:  Nothing further from the Debtors,
6  Your Honor.
7              THE COURT:  Anything from any of the parties?
8              MR. RUZINSKY:  Nothing further from Spirit of
9  Texas Bank, Your Honor.
10             THE COURT:  Mr. Murray?
11             MR. MURRAY:  Nothing else, Judge.  Thank you.
12             THE COURT:  All right.  Let me just go ahead and
13 recap then on the Record so that everyone is clear and I'm
14 clear and my notes are clear and so we don't have any issues
15 and we'll go from there.
16             I'm going to enter an Order basically for a 30-day
17 discovery deadline and then two days of trial time on what
18 we will call the "preliminary hearings" on the relationships
19 between the various adverse parties and the Agreements that
20 basically govern those relationships.
21             I then will look for an Agreed Order on Docket
22 No. 441.
23             I will enter the Order at Docket No. 463 as to
24 Docket No. 460.
25             I will sign the Order at 461.

1        As to 455, 462 and 342, I am going to continue
2   each of those hearings to the same date that I set on the
3   preliminary hearing as to agreements between the parties and
4   the relationships between the parties.
5        Everybody in agreement with that?
6        MR. FUQUA:  Yes, sir.
7        MR. RUBIO:  Yes, sir.
8        THE COURT:  Okay.  Then I will do that as soon as
9   I step down from the Bench.
10       MR. RUBIO:  All right.  Thank you, Your Honor.
11       THE COURT:  All right.  Thank you.  You guys are
12  excused unless there's something further.
13       MR. RUBIO:  No, thank you, Your Honor.
14       THE COURT:  All right.  Thank you.  Thank you for
15  calling in.
16       (Hearing adjourned at 11:16 a.m.)
17                       *  *  *  *  *
18        *I certify that the foregoing is a correct*
19  *transcript to the best of my ability produced from the*
20  *electronic sound recording of the proceedings in the above-*
21  *entitled matter.*
22  /S/ MARY D. HENRY
23  *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
    *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
24  *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
    *JTT TRANSCRIPT #62000*
25  *DATE FILED:  APRIL 18, 2020*